WILLIAM PENNOCK, *et al.* v. MARY THORP MONROE.

*Error from Franklin County.*

RECORD.—A record which refers to the facts found and admitted in another case, as those upon which trial was had in the case set out in such record, does not present a case which this court will look into, unless it is clearly shown that such other case, or enough of it to show what were the facts found and admitted therein, is in this court and is fully identified.✻

The body of the petition, the sufficiency of which is involved in this case, is as follows :

" The plaintiff, Mary Thorp Monroe, complains of the defendants, William Pennock, C. B. Parkinson, Jonathan Parkinson and William Fleak, and states to the court that she is the owner in *fee simple* of the east half of section twelve (12), township seventeen (17), and range seventeen (17), containing three hundred and twenty acres, situate in said county of Franklin, and is entitled to the immediate possession of the same; that the said defendants unlawfully kept her out of possession of said premises, to her damage in the sum of five thousand dollars, wherefore, plaintiff prays restitution of said premises, and for judgment against the defendants in the sum of five thousand dollars and costs."

The journal entry in the case shows that the facts of the case were agreed to be the same as the facts found by a jury in another case of the same title; but the record does not identify further the case referred to, nor disclose what those facts are. The case was tried by the court,

---

✻ PLEADINGS: PETITION, SUFFICIENCY OF.—A petition which alleges substantially that plaintiff owns, in fee simple, land; describing it, and is entitled to the immediate possession of the same; that defendant unlawfully kept her out of possession of said premises to her damage in a sum named, praying restitution and a sum named as damages; sets forth facts sufficient to constitute a cause of action.

and no motion for a new trial appears. The judgment was for the plaintiff below of restitution and damages. The case is brought here to reverse that judgment.

*Mason & Welsh*, for plaintiff in error.

*Thacher & Banks*, for defendant in error.

*Thacher & Banks, for defendant in error*, submitted :

1. The record brought into this court leaves nothing for the court to act upon. The suit was an ordinary action in ejectment. The record does not disclose the testimony. It will be presumed to have been sufficient to sustain the judgment. *Lamb v. 1st Pres. Soc.*, 20 *Iowa*, 127; *Sisson v. Barrett*, 2 *N. Y.*, 406.

2. The petition sets forth a cause of action in ejectment. The finding of the court is generally for plaintiff below. No motion for a new trial was made, and no request that the court find the facts and law separately. The judgment cannot be reversed. *Cleveland & Toledo R. R. Co. v. Johnson*, 10 *Ohio St.*, 591, *Civ. Code*, § 290.

3. There are no exceptions preserved that can be made available. *Civ. Code*, §§ 302, 303.

*By the Court*, SAFFORD, J.

Owing to the defective condition of the record in this case, it is not to be expected that this court will pass upon the questions which may be involved therein, at least to any considerable extent.

We have the final determination of the case in the court below before us, but none of the evidence, or of the facts found upon which the court acted, are here in any proper authenticated manner. It is true,

RECORD.

there is an attempt to refer to the facts found and ad-
mitted in another case, as being the same as those upon
which this case was heard and tried. But we do not
think that this is sufficient, unless it is clearly shown that
such other case, or at least enough of it to show what
were the facts so found and admitted therein, is in this
court and is fully identified, and this is not done. If
indeed the facts of this case were in every respect the
same as in the case intended to be referred to, a statement
to that effect, and an incorporation into this record of
such facts, or such other. identification as would be con-
clusive as to what was so brought to our notice, is cer-
tainly the least that ought to be required; and for the
reason that, if a different course were pursued, we should
partly at least (for there might be more than one case
answering to the description given) be guessing at the
facts, or at what the record may be supposed to contain.
This is no part of our duty.

There is one question, however, which is raised by
the petition in error, and which depends upon the con-
struction to be given to the petition filed below: Did
such petition contain facts sufficient to constitute a cause
of action?

PETITION: Suffi-
ciency of. The action was for the recovery of real estate,
and based upon the statute. [*Civil Proc., Art.
24, Gen. Stat.*] We have compared the petition with the
requirements of section 595 in said article, which pro-
vides what such a petition shall contain, and find that it
conforms thereto in every respect. The petition must
therefore be held sufficient. Judgment affirmed.

KINGMAN, C. J., concurring.

VALENTINE, J., not sitting in the case.